In the Matter of the Claim of Deborah Fatone, Respondent. Addison Street Spa, LLC, Appellant; Commissioner of Labor, Respondent. [20 NYS3d 223]—

Garry, J.P. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 11, 2014, which ruled, among other things, that Addison Street Spa, LLC is liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Addison Street Spa, LLC is a day spa offering various massage therapies and facials. Claimant was a massage therapist at Addison from 2007 until 2013. The Unemployment Insurance Appeal Board ruled that claimant and others similarly situated were employees of Addison, and Addison now appeals.

We affirm. "Whether an employee-employer relationship exists is a factual question to be resolved by the Board and we will not disturb its determination when it is supported by substantial evidence in the record" (*Matter of Jennings [American Delivery Solution, Inc.—Commissioner of Labor]*, 125 AD3d 1152, 1152 [2015] [internal quotation marks and

citations omitted]; *see Matter of LaValley [West Firm, PLLC—Commissioner of Labor]*, 120 AD3d 1498, 1499 [2014]). "[S]uch a relationship will be found to exist where the employer exercises control over the results produced or the means used to achieve those results, with the latter being more important" (*Matter of Columbia Artists Mgt. LLC [Commissioner of Labor]*, 109 AD3d 1055, 1056 [2013]; *accord Matter of John Lack Assoc., LLC [Commissioner of Labor]*, 112 AD3d 1042, 1043 [2013]). Here, there is evidence in the record that Addison set the prices for the massages and the percentage of which claimant was paid, scheduled its clients pursuant to claimant's weekly schedule, collected the fees from the clients and fielded any complaints. Addison required claimant to sign an agreement that she would not solicit, divert or take away any of Addison's clients during the term of the agreement and for one year after claimant stopped providing massages at the spa. Addison provided the room, equipment and supplies and required claimant to arrive 30 minutes before the scheduled massage time and to maintain professional attire. In our view, substantial evidence supports the Board's decision that Addison exercised sufficient control over claimant to establish an employment relationship, despite other evidence in the record that could support a contrary result (*see Matter of Human Performance, Inc. [Commissioner of Labor]*, 28 AD3d 971, 972 [2006]; *Matter of Sun [Anuthep Benja-Athon M.D., P.C.—Commissioner of Labor]*, 27 AD3d 862, 863 [2006]).

Egan Jr., Rose and Clark, JJ., concur. Ordered that the decisions are affirmed, without costs.